MICHELE WHITE,

     Plaintiff,

v.

FRED VIERA, *et al.*

     Defendants.

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Defendants Fred Viera, Isabel Yague, and Viera Yague, PLLC ("Defendants") filed a Verified Notice of Removal, ECF No. [1] ("Notice"), on July 12, 2021. The Notice was filed pursuant to 28 U.S.C. §§ 1441, 1446, seeking removal, pursuant to 28 U.S.C. § 1331, of an action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Michele White v. Fred Viera, et al.*, Case No. 2020-024225-CA-01 ("Circuit Court Action"). The Court has carefully reviewed the Notice, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, this action is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

On November 10, 2020, Plaintiff Michele White ("Plaintiff") initiated the Circuit Court Action against Defendants for legal malpractice and breach of fiduciary duty, arising from Defendants' purported failure to prosecute Plaintiff's maritime tort claim against Royal Caribbean. ECF No. [1]. According to the Amended Complaint, ECF No. [1-4], "Defendants failed to do their due diligence and legal research as to the nature of a cruise-ship injury claim . . . and failed to bring

suit within one year of the date of [Plaintiff's] incident[.]" *Id.* ¶ 21. As a result of Defendants' purported failure to timely initiate suit, Royal Caribbean denied any exposure for Plaintiff's claims. *Id.* ¶ 25. Defendants, however, failed to advise Plaintiff that Royal Caribbean denied any liability, or that the contractual statute of limitations had expired. *Id.* ¶¶ 26-29. Rather, Defendants waited approximately three months before misinforming Plaintiff that her case was no longer viable due to economic reasons resulting from COVID-19. *Id.* ¶¶ 30-32. Based on the foregoing, the Amended Complaint asserts the following claims for relief: Legal Malpractice against Viera (Count I), Breach of Fiduciary Duty against Viera (Count II), Legal Malpractice against Yague (Count III), Breach of Fiduciary Duty against Yague (Count IV), and Vicarious Liability against Law Firm (Count V).

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, district courts are "obligated to inquire not subject matter jurisdiction *sua sponte* whenever it may be lacking." *Blakenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005)).

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal

quotations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*.

Upon review of the Notice, it is apparent that the Court lacks subject matter jurisdiction and that remand is appropriate. Contrary to Defendants' contention, this is not a "maritime/admiralty case" under 28 U.S.C. § 1333, but rather a legal malpractice suit brought against Defendants by their former client. *See* ECF Nos. [1] at 5 & [1-4]. Even if it were, federal question jurisdiction[1] would still be lacking because general maritime claims do not "arise under the constitution, laws, or treaties of the United States for purposes of federal question jurisdiction." *Armstrong v. Alabama Power Co.*, 667 F.2d 1385, 1388 (11th Cir. 1982) (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959)); *see also* 28 U.S.C. § 1331(a) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.").[2]

Additionally, an *in personam* maritime action filed in state court is not removable solely because it could have been filed in federal court under 28 U.S.C. § 1333. Indeed, the "savings to suitor clause" of § 1333, "allowed [Plaintiff] to choose to file her claim exclusively in state court."

---

[1] While not invoked as a basis for jurisdiction, the Court also notes that diversity jurisdiction is lacking. As set forth in Plaintiff's complaint and uncontroverted by Defendants, ECF Nos. [1-1] & [1-4], Plaintiff and Defendants were both citizens of the State of Florida as of the date of initiating this action. *See* 28 U.S.C. § 1332.

[2] Relying on *Solar Dynamics, Inc. v. Buchanan Ingersoll & Rooney, P.C.*, 211 So. 3d 294 (Fla. 2d DCA 2017), Defendants seem to suggest that adjudicating this case in state court will "disrupt the balance between state and federal courts anticipated by Congress for admiralty matters" and will "complicate the law for future maritime litigants in federal court." ECF No. [1] at 9. However, the federalism concerns addressed in *Solar* have no application to the case at hand, as *Solar* required the state court to determine the scope, validity, or infringement of a patent—which falls within a federal court's *exclusive* jurisdiction under 28 U.S.C. § 1338. *Compare* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to parents, plant variety protection, or copyrights."), *with* 28 U.S.C. § 1333(a).

*DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1314 (11th Cir. 2020) (explaining that a plaintiff alleging a maritime *in personam* claim may file suit in: (1) federal court under admiralty or diversity jurisdiction, or (2) state court); *see also Sebastian Tow Boat & Salvage, Inc. v. Vernon Slavens*, No. 6:02-CV-759-ORL31JGG, 2002 WL 32063121, at *2 (M.D. Fla. Oct. 15, 2002) ("In admiralty actions brought *in personam* and thus subject to concurrent jurisdiction, the forum selected by the Plaintiff controls.").

Lastly, to the extent Defendants argue that the mandatory forum selection clause in the ticket contract between Plaintiff and Royal Caribbean confers jurisdiction on this Court, that argument is also without merit. Defendants are not parties to the contract between Royal Caribbean and Plaintiff, and therefore lack standing to invoke its provisions. *See Sun Commodities, Inc. v. C.H. Robinson Worldwide, Inc.*, No. 11-62738-CIV, 2012 WL 602616, at *2 (S.D. Fla. Feb. 23, 2012) ("Under Florida law, a plaintiff who is neither a party to nor a third-party beneficiary of a contract may not sue for breach of that contract, even if the plaintiff receives some incidental or consequential benefit from the contract.") (citations omitted); *see also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005) (finding that a plaintiff who was not an intended beneficiary of a contract "had no 'legally cognizable interest' in that agreement" and therefore lacked standing to enforce its provisions). Moreover, even if Defendants had standing to enforce the forum selection clause, it is axiomatic that parties cannot contract to suit in a federal forum without establishing an independent basis for jurisdiction over the dispute. *See DeRoy*, 963 F.3d at 1315 ("[P]arties are free to contract for a federal forum for potential claims, provided, of course, that the federal forum has independent subject-matter jurisdiction.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in

and for Miami-Dade County, Florida for further proceedings.

2. All pending motions are **DENIED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 14, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record